UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

MORRIS SIMPSON, on behalf of himself :
and all others similarly situated, :
                    Plaintiff, :
                               :
v. :
                               :
STATE COLLECTION SERVICE, INC., :  Civil Action No.:
                  Defendants. :

**COMPLAINT – CLASS ACTION**

**I.    INTRODUCTION**

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendant State Collection Service, Inc. ("SCS"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are xpressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## II. VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

8. Venue and personal jurisdiction in this District are proper because defendant's Collection occurred within this District.

## III. PARTIES

9. Plaintiff, Morris Simpson, is a resident of Philadelphia, PA.

10. Defendant State Collection Service, Inc. (SCS) is a Wisconsin corporation that does business in the Commonwealth of Pennsylvania. Its principal office is located at 2509 S. Stoughton Road, Madison, WI 53716. Its registered agent for service of civil process is CT Corporation System, 116 Pine St., Ste. 320 Harrisburg, PA 17101.

11. At all times herein relevant, SCS was engaged in the primary business of the collection of purportedly delinquent accounts for third parties.

12. SCS uses the mails and telephone system in conducting its business.

13. At all times herein relevant, SCS was and is a "debt collector" as that term defined by 15 U.S.C. §1692a(6) of the FDCPA.

## IV. FACTS

14. Prior to the collection events described hereinafter, plaintiff Morris Simpson suffered personal injuries on (date) attributable to (describe) ("the incident").

15. As a result of the incident, plaintiff Morris Simpson incurred medical services and associated billable charges.

16. Because the aforesaid medical services and expenses arose as a result of personal injuries from the incident, insurer payment of such expenses to the medical providers of such services is governed by Pennsylvania "Act 6", § 69.01 *et seq.* which binds a health service

2

provider to accept a percentage of charge due, and forbids collecting from the consumer anything other than statutorily defined amount towards any related expense.

17. On or about March 28, 2017, defendant SCS sent plaintiff Morris Simpson the letter attached as Exhibit A. Plaintiff received it some days later.

18. The letter attempted to collect $2,392.89 in medical charges allegedly incurred by Morris Simpson to Aria Health Orthopaedics as a result of the incident ("the debt").

19. Contrary to the letter's statements, plaintiff did not owe the debt because Act 6 restricts his obligation to pay the debt to $998.85.

## V.   CAUSES OF ACTION

### COUNT I – FDCPA

20. Plaintiff incorporates all prior paragraphs as if set forth herein.

21. Defendant SCS violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1) by representing expressly or by implication that the debt could lawfully be collected under Pennsylvania Act 6.

22. Section 1692e provides:

§ 1692e. False or misleading representations [Section 807 of P.L.]

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: ...

(2) The false representation of–

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt....

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....

23. Section 1692f provides:

§ 1692f. Unfair practices [Section 808 of P.L.]

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law....

## CLASS ALLEGATIONS

24. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

25. The class consists of (a) all individuals with Pennsylvania addresses, (b) for debts consisting of charges for medical treatment provided to injured persons covered by automobile policies issued under the Motor Vehicle Financial Responsibility Law, (c) where the amount subject exceeded the Medicare payment pertaining to the applicable specialty under Medicare for comparable services at the time services were rendered, or the provider's usual and customary charge, whichever is less, (d) at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

26. On information and belief, the class is so numerous that joinder of all members is not practicable.

27. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

   a. Whether the debt sought to be collected by defendant is prohibited by Pennsylvania law;

   b. Whether representing that such fees may be charged violates the FDCPA.

28. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

29. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

30. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

31. A class action is a superior method for the fair and efficient adjudication of this controversy. Individual actions are economically infeasible. Management of the class claims is likely to present significantly fewer difficulties than those presented in many class claims. The identities of the class members may be obtained from defendant SCS's records or its creditor-principals.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

A. That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

B. That the Court enter judgment in favor of plaintiff and members of the class and against defendant for violation of the FDCPA as follows:

 1. For actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

 2. For statutory damages to 15 U.S.C. § 1692k(a)(2)(A) and (B);

3. For attorneys' fees and costs pursuant to 15 U.S.C. §1692k.

4. For such other and further relief as may be just and proper.

Dated: September 18, 2017

ROBERT P. COCCO, P.C.
By: Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-351-0200

Admission pro hac vice to be sought:

Daniel A. Edelman, Esquire
Cathleen M. Combs, Esquire
Tara L. Goodwin, Esquire
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

Attorneys for Plaintiff